UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TYWAN M. SYKES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIKE FLYNN, )<br>BILL LEE, )<br>DAVID D. ROUSCH, )<br>ASHLEY SALEM, )<br>JANICE POSTEL, )<br>BLOUNT COUNTY, TENNESSEE, and )<br>DAVID DUGGAN, )<br>)<br>Defendants. ) | No.: 3:21-CV-217-TAV-DCP |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Plaintiff's pro se complaint of a violation of 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 2]. Because Plaintiff is incarcerated, the Court must screen his complaint pursuant to the Prison Litigation Reform Act ("PLRA") to determine whether Plaintiff has stated a justiciable claim. *See* 28 U.S.C. § 1915A. The Court will consider Plaintiff's motion prior to conducting the requisite screening.

**I.  APPLICATION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] will be **GRANTED**.

Because Plaintiff is an inmate at the Blount County Detention Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b). "[T]he dismissal standard articulated" by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Courts liberally construe pro se pleadings filed in civil rights cases and "hold [them] to less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Rather, all that is required is "enough facts to state a claim to

relief that is plausible on its face." *Twombly*, 550 U.S. at 544, 570. Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well-pled and do not state a plausible claim. *Id.* Further, "formulaic [and conclusory] recitations of the elements of a . . . claim," which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B. Plaintiff's Allegations

On September 14, 2012, Petitioner pleaded guilty to one count of aggravated statutory rape in the Blount County Circuit Court and was sentenced to a six-year term of imprisonment in the Tennessee Department of Correction ("TDOC") [Doc. 1 p. 3-4]. The plea agreement did not include a requirement that Plaintiff register with the Tennessee Bureau of Investigation ("TBI")'s Sex Offender Registry [*Id*. at 4]. Nonetheless, on September 20, 2012, Plaintiff was contacted by Blount County Sheriff's Office Investigator, Janice Postel, who added Plaintiff to the TBI's Sex Offender Registry over Plaintiff's objection [*Id*.]. Plaintiff subsequently inquired about his registration as a sex offender and was informed by the Blount County Circuit Clerk's Office that if he had to register, the order to do so would be on his criminal judgment [*Id*.]. Plaintiff contends that his judgment of conviction contained no such requirement [*Id*.].

On December 13, 2012, the Blount County Circuit Clerk sent Plaintiff a letter informing him that he would contact the prosecuting attorney to determine if there was an error in Plaintiff's judgment, and that, if so, an amended judgment would be sent to Plaintiff

4

[*Id.* at 5]. No amended judgment was sent to Plaintiff, and therefore, he concluded that he was not required to register as a sex offender [*Id.*].

In 2016, shortly after his release from prison, Plaintiff was charged with failing to register as a sex offender and was thereafter sentenced to two years in TDOC custody [*Id.*]. Plaintiff's criminal attorney repeatedly refused to respond to Plaintiff's attempts to contact him, and on June 13, 2019, Plaintiff filed a complaint with the Tennessee Board of Professional Responsibility regarding his criminal attorney's handling of the case [*Id.* at 6]. Plaintiff also attempted to file a petition for post-conviction relief in 2019, but both the petition and the subsequent appeal were dismissed as time barred [*Id.*].

Aggrieved, Plaintiff filed the instant action asks the Court to enjoin Defendants from enforcing his placement on the Sex Offender Registry and to compensate him monetarily [*Id.* at 11].

**C.     Analysis**

Here, Plaintiff does not challenge the fact of his conviction for aggravated statutory rape or failure to register, nor does he challenge the TBI's Sex Offender Registry itself. Instead, he contends only that continuing to require him to register as a sex offender despite the absence of any such requirement in his plea agreement or judgment violates his right to due process and equal protection of the law. As set forth below, the Court finds that Plaintiff's argument is time barred, frivolous, and that it fails to state a cognizable § 1983 claim.

First, a § 1983 action brought in a federal court in Tennessee is subject to a one-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding federal courts apply state's statute of limitations for personal injury actions in § 1983 proceedings); Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, *see Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete. *See, e.g., Dibrell v. City of Knoxville, Tennessee*, 948 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action"). Under either of these standards, Plaintiff unquestionably knew that he was on the Sex Offender Registry and subject to its requirements by 2016 at the latest, yet he waited until 2021 to file the instant action. Accordingly, Plaintiff's § 1983 claim is barred by the applicable statute of limitations.

Next, the Court notes that the Fourteenth Amendment to the United States Constitution provides, as is relevant here, that the individual states shall not "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In

2012, Plaintiff pleaded guilty to aggravated statutory rape, which is a violation of Tenn. Code Ann. § 39-13-506(c). Under Tennessee law, anyone convicted aggravated statutory rape is required to register as a sex offender. *See* Tenn. Code Ann. § 40-39-212 (requiring sex offender registration for offenses defined under § 40-39-202); and § 40-39-202(20)(A)(ii) (defining aggravated statutory rape as "sexual offense"). Plaintiff does not possess any protected liberty interest in not being placed Tennessee's Sex Offender Registry after his acknowledged violation of Tennessee law. *See Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 500 (6th Cir. 2007). Moreover, legislation aimed at monitoring the movement of sex offenders does not infringe upon an individual's right to equal protection of the laws. *See, e.g., Cutshall v. Sundquist,* 193 F.3d 466, 482-83 (6th Cir. 1999). Therefore, Plaintiff's placement on the TBI's Sex Offender Registry pursuant to state law is not a violation of his due process or equal protection rights.

Finally, the Court notes that Plaintiff would have to attack the fact of his "failure to register" conviction for his § 1983 claim to have merit. However, Plaintiff cannot seek exoneration from that offense in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Similarly, Plaintiff cannot obtain monetary damages based on that conviction without first demonstrating that it has been deemed unlawful. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursue

§ 1983 suit challenging criminal judgment). Plaintiff has not demonstrated that his conviction for failing to register as a sex offender has been overturned or deemed invalid. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE